## *In re* SOWLES.

*(Circuit Court, D. Vermont. January 9, 1890.)*

CONTEMPT—INTERFERENCE WITH EXECUTION SALE—ATTORNEY.

An attorney who resists the enforcement of a lawful writ of execution by representing to bidders at the execution sale that the writ is invalid, and that any one purchasing at such sale would be sued by him, is guilty of contempt.

At Law.

*Frank Plumley*, U. S. Atty., for prosecution.

*Henry A. Burt* and *Kittredge Haskins*, for respondent.

WHEELER, J. This is a proceeding for the punishment of the respondent for contempt of the authority of this court by resisting the service of an execution issued on a judgment rendered in this court against the respondent's wife. Section 725 of the Revised Statutes declares the power of the courts of the United States to punish by fine and imprisonment

contempts of their authority by disobedience or resistance to any lawful writ or process of theirs, among others. That this was a lawful writ of execution and process of this court is not disputed. That the respondent, by printed circulars and by words, represented to bidders and observers that it was irregular and invalid; and so in respect to matters which did not in fact exist, and which they could not know of; and that any one purchasing under it would be sued by him, and involved in protracted litigation, fully appears. This is said to have been done inadvertently, to avoid seeming acquiescence in alleged irregularities of the proceedings and disposition of the property levied upon. The plain effect of the proofs is that more than this was intended. The clear intention to defeat the operation of the execution by deterring bidders from purchasing is apparent. This was a resistance of the process, and especially so, in view of the fact that the respondent is an experienced attorney, acting as such in the proceedings. Upon these considerations the respondent must be adjudged guilty of contempt of the authority of this court by resistance to that process. In the case of *In re Chiles*, 22 Wall. 157, the respondent was adjudged guilty of contempt of an injunction of the supreme court of the United States by giving notice in England of a claim to bonds which were the subjects of the injunction. A due respect for the administration of justice requires the process of courts to be obeyed. Such conduct as the respondent is shown to have been guilty of cannot, with propriety, be lightly passed over. The punishment by imprisonment will not, in view of the confessions and apologies of the respondent, be imposed. In the *Case of Chiles* a fine of $250 was imposed by the supreme court, with costs. This case is quite as aggravated as that, but the costs here are probably greater than there. The respondent is adjudged guilty of contempt of the authority of this court by resistance to the execution, and is thereupon ordered to pay a fine of $200 to the United States, with the costs of this proceeding, not exceeding $50 for January 2, 1890, and to stand committed to the custody of the marshal until the fine and costs are paid.