## THE P. I. NEVIUS.[1]

### THE WIDE AWAKE.

#### ALBERTSON *v.* THE P. I. NEVIUS AND THE WIDE AWAKE.

*(District Court, S. D. New York. January 9, 1892.)*

1. CONTEMPT—RESISTANCE TO PROCESS OF COURT.
   Where the marshal had served process on the vessel-owner, who had read enough of the paper handed him to know its meaning, and who thereafter refused to obey the orders of the officer as to where he should go, and who, when the officer stepped ashore to call a keeper, steamed away with his vessel, *held,* such acts constituted a resistance and evasion of the process of the court, subjecting the vessel-owner to the penalties of a contempt.

2. SAME—FINE—AMOUNT—MARSHAL'S EXPENSES.
   As it appeared possible, however, that the vessel-owner might not have understood the character of his act, the court would only impose as a fine the actual expenses incurred by the marshal in searching for and retaking the vessel.

In Admiralty. On motion to punish for contempt.

*Alexander & Ash,* for libelant.

*Owen, Gray & Sturges,* for the P. I. Nevius.

*Goodrich, Deady & Goodrich,* for the Wide Awake.

BROWN, J. Mr. Day, the owner of the Nevius, was regularly served personally with a notice of the attachment and the libel of his tug. The officer, coming on board, handed it to him, and I have no doubt that it was read sufficiently by Mr. Day to know its meaning, as the officer testifies. I am satisfied that Mr. Day refused to obey the orders of the officer to go to the new dock, insisted on going to Hoboken for water and coal; and, when the officer stepped ashore for a moment to call the keeper, who was near at hand, he steamed off up the river. This constituted a resistance and evasion of the process of attachment, which, as against him, had been sufficiently served by the marshal, and subjects him to the penalties of contempt of process of the court. *In re Higgins,* 27 Fed.

---

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

Rcp. 443; *In re Sowles*, 41 Fed. Rep. 752. As it seems quite possible, however, from Mr. Day's statement, that he may not have understood the character of his act, I shall impose no fine beyond the actual expenses incurred by the marshal in hiring a tug to search for and retake the vessel. An order for the payment of that amount may be entered.