ACKERMAN *v.* PFENT.

1. JUDGMENT—SATISFACTION—EXECUTION—LEVY.
   A levy of an execution upon real estate of the debtor is not a
   satisfaction of the judgment.

2. SAME—COLLATERAL ATTACK—PROBATE ORDER.
   A determination of the probate court that a judgment creditor
   of a deceased person is entitled to letters of administration is
   not open to collateral attack by his widow to restrain the
   proceedings, the petition for administration being regular in
   form, and there being within the jurisdiction of the court an
   estate to be administered.

Appeal from Wayne; Hosmer, J. Submitted June 12,
1906. (Docket No. 84.) Decided September 20, 1906.

Bill by Mary Ackerman against Frank Pfent to enjoin
defendant from proceeding as administrator of the estate
of Jacob Ackerman, deceased. From a decree dismissing
the bill, complainant appeals. Affirmed.

Defendant obtained a judgment against Jacob Acker-
man in February, 1903, and on the 17th of November,

1903, filed a transcript in the circuit court, and caused an execution to be issued and a levy made upon 20 acres of land occupied by Ackerman and his family as a homestead. No sale was had under the levy. Jacob Ackerman died May 27, 1904, intestate. No steps were taken to probate the estate of Jacob Ackerman by his widow or next of kin, and on March 13, 1905, defendant petitioned the probate court for administration as principal creditor of the estate. Appraisers and commissioners on claims were appointed. Two claims were allowed: one in favor of defendant, being the amount of his judgment and costs, viz., $115.58, and the other one amounting to $79.06 in favor of Forth & Masch, undertakers. The complainant is the widow of Jacob Ackerman and grantee of the interests of the heirs at law. On October 24, 1905, complainant paid to the sheriff $113.78, and obtained a release and satisfaction of the judgment and execution in his hands. In October, 1905, she also paid the claim of Forth & Masch. The defendant expended certain sums in advertising the notice of hearing on the petition for administration and the hearing on claims, for appraising the property, etc. He also claimed compensation for his services as administrator and for services of his attorney. Complainant offered to pay $25, but this was refused. This bill is filed asking that the probate proceedings be declared void, and that defendant be perpetually enjoined from interfering with the estate. The circuit court dismissed the bill, and complainant appeals.

*James J. McCann,* for complainant.

*Walter Barlow,* for defendant.

MONTGOMERY, J. (*after stating the facts*). The contention of the complainant is that the levy was prima facie a satisfaction of the defendant's claim, or at least a suspension of his right to proceed to collect his judgment by other proceedings, and that it follows that defendant was not a creditor entitled to administration of Jacob Acker-

man's estate. It has long been settled in this State that a levy of an execution upon real estate of the debtor is not prima facie satisfaction of a judgment. *Spafford* v. *Beach*, 2 Doug. (Mich.) 150; *Miller* v. *Hanley*, 94 Mich. 253.

The petition for administration was regular in form. There was within the jurisdiction of the probate court an estate to be administered. The determination of that court that defendant was a party entitled to letters of administration is not therefore open to collateral attack. *Wilkinson* v. *Conaty*, 65 Mich. 614; *Johnson* v. *Johnson's Estate*, 66 Mich. 525; *In re Sprague's Estate*, 125 Mich. 357.

The decree is affirmed, with costs.

BLAIR, OSTRANDER, HOOKER, and MOORE, JJ., concurred.