THEO. H. DAVIES & COMPANY, LIMITED, *v.* HILO PINEAPPLE COMPANY, LIMITED, DEFEND-ANT; THE FIRST BANK OF HILO, LIMITED, GEORGE WILLFONG, H. I. YOUNG, R. W. FIL-LER, S. KOJIMA, CHARLES GREEN, C. A. SHEP-HERD, SAMUEL SPENCER AND I. HARA, GARNISHEES.

No. 1486.

BISHOP TRUST COMPANY, LIMITED, AS TRUS-TEE UNDER THE WILL AND OF THE ESTATE OF CHARLES FURNEAUX, DECEASED, *v.* HILO PINEAPPLE COMPANY, LIMITED, DEFEND-ANT; GEORGE W. WILLFONG, GARNISHEE.

No. 1487.

EXCEPTIONS FROM CIRCUIT COURT FOURTH CIRCUIT. HON. H. L. ROSS, JUDGE.

ARGUED NOVEMBER 22, 1923.                    DECIDED DECEMBER 20, 1923.

PETERS, C. J., PERRY AND LINDSAY, JJ.

GARNISHMENT—*debts subject to.*

   The debts to which the statutes on garnishment refer are those which are admitted or acknowledged by the garnishee and not those which are controverted, disputed or denied.

SAME—*effect of denial by garnishee of indebtedness to defendant.*

   Where the garnishee denies any indebtedness to the defendant his denial cannot be impeached by the plaintiff by evidence *aliunde* but is conclusive and the garnishee must be discharged.

OPINION OF THE COURT BY PETERS, C. J.

   Both of these cases were argued together. The point which we consider decisive is the same in each and in-volves the same facts. Hence one opinion will suffice for both.

George Willfong as garnishee filed in each case in the circuit court a return under oath denying generally that he then was or at the time of service of garnishee summons upon him had been indebted to the defendant and praying his discharge. None of the parties to either action availed themselves of the privilege accorded them by section 2801, R. L. 1915, to require the garnishee to appear and be examined under oath as to such disclosure or as to his liability as such garnishee. Despite the denial of the indebtedness contained in the return the plaintiff in each case offered evidence tending to prove that at the time that summons was served upon the garnishee the defendant was the owner and holder of a promissory note made by the garnishee and payable to the defendant in the sum of $10,000, upon which it was alleged nothing had been paid to the defendant upon either principal or interest except the sum of $200 which had been applied by the payee upon the former. Upon this evidence the court by its written decision in each case found that the garnishee at the time of service of summons upon him was and still remained indebted to the defendant in the sum of $9800, the same being the balance due from the garnishee to the defendant upon said promissory note and that said debt so owing from the garnishee to the said defendant was and should be liable to pay the amount of the judgment rendered in favor of the plaintiff against the defendant in the cause. Judgments were entered accordingly. To each decision and judgment the garnishee alleged exceptions and the same were upon allowance prosecuted by the garnishee to this court.

Section 2801, R. L. 1915, as finally amended by Act 157, S. L. 1919, provides: "When * * * any debt is due from any person to a debtor * * * any creditor may bring his action against such debtor and in his petition for process may request the court to insert therein a direction

to the officer serving the same to leave a true and attested copy thereof with such * * * person from whom such debt is owing * * * and to summon such * * * person to appear personally upon the day or term mentioned and appointed in said process for hearing said action, and then and there on oath to disclose whether he * * * is or at said time of service was indebted to him, and if so, the nature and amount of the debt * * * and from the time of leaving such copy * * * every debt then owing from such person to the defendant * * * shall be secured in his hands to pay such judgment as the plaintiff shall recover in said action * * *. Provided, however, that any person so summoned as * * * debtor of any defendant may file in the court issuing the summons, on or before the return day thereof, a return under oath which shall set out fully * * * what debts, if any, are or at said time of service were owing from him to the defendant * * *. A copy of such return shall be served on the plaintiff or his attorney on or before such return day. The filing of such return shall be deemed prima facie a compliance with the summons, provided, that at any time thereafter before the conclusion of the trial of such action either party thereto may upon written notice served upon the garnishee require such garnishee to appear and be examined orally under oath as to such disclosure or as to his liability as such garnishee * * *."

Section 2802, R. L. 1915, as amended by Act 157, S. L. 1919, provides: " * * * the debt so secured owing from such debtor * * * or such part thereof as may be sufficient for that purpose, shall be liable to pay the same * * *."

No provision is contained in the statutes pertaining to garnishment permitting any pleadings other than the petition of the plaintiff and the return of the garnishee as prescribed by section 2801 as amended. Nor is there any provision for the framing of any issues in the event of the

denial by the plaintiff in the action of the disclosure made by the garnishee or of any of the facts alleged therein or for the trial of any issues raised by reason of such denial.

Ancillary proceedings of garnishment were unknown to the common law and are in derogation thereof and statutes providing therefor must be strictly construed. Hence in the absence of any provision for the framing and trial of issues of fact raised by denial of the garnishee's disclosure or the facts alleged in his return it must be presumed that the legislature intended that such issues should not be determined in the garnishment proceedings but should be the subject of appropriate independent proceedings. If that is true then the debts to which the statute refers are those which are admitted or acknowledged by the garnishee and not those which are controverted, disputed or denied by him. From this the result is inevitable that if the alleged indebtedness of the garnishee to the defendant is controverted, disputed or denied by the garnishee no order can be made by the trial court in the cause to which the garnishment proceedings are ancillary in respect to such disputed, controverted or denied debts and the garnishee must be discharged.

In the instant cases the garnishee denied generally any indebtedness from himself to the defendant. The alleged indebtedness from himself to the defendant was not specifically alleged in the respective complaints and under the circumstances the returns as made were the only ones of which the pleadings were capable. The filing of such return under the statute is deemed *prima facie* a compliance with the summons. If either plaintiff were dissatisfied with the disclosure it was optional with it to cause written notice to be served upon the garnishee and thereby require the garnishee to appear and be orally examined under oath as to such disclosure or his liability as such garnishee. This the plaintiffs did not do. The allegations

of the complaints that the garnishee was indebted to the defendant stood denied by the garnishee. Under that state of the cases the returns of the garnishee were conclusive and the plaintiffs were not entitled to introduce evidence *aliunde* to impeach them. Upon the records before the trial court the garnishee, George Willfong, should have been discharged in each case.

The garnishee's exceptions to the decisions complained of are sustained.

*Harry Irwin* (also on the brief for Theo. H. Davies & Co.; *C. F. Parsons* on the brief for Bishop Trust Co.) for plaintiffs.

*J. W. Russell* for garnishee-appellant.