## SCHRAM v. CARLUCCI (COMMONWEALTH BANK, Garnishee).

### No. 906.

District Court, E. D. Michigan, S. D.

Oct. 3, 1941.

Robert S. Marx, Carl Runge, Lawrence I. Levi, and Orville J. Thill, all of Detroit, Mich., for plaintiff.

Charles F. Meyler, of Detroit, Mich., for garnishee defendant.

Joseph A. Cassese, of Detroit, Mich., for principal defendant.

LEDERLE, District Judge.

This suit has been prosecuted by plaintiff, B. C. Schram, as Receiver of First National Bank-Detroit, an insolvent national banking association, in connection with winding up its affairs.

On February 10, 1941, judgment was entered herein in favor of plaintiff and against defendant, Peter F. Carlucci, for $131.44 and costs of $5.67.

On March 19, 1941, a praecipe was filed by plaintiff, showing the entire amount of the judgment due and unpaid, and a writ of fieri facias was issued against Peter F. Carlucci, returnable April 16, 1941. This writ has never been returned.

On August 27, 1941, an affidavit of plaintiff's attorney was filed, showing the entire amount of the judgment still due and unpaid. On the basis of this affidavit a writ of garnishment was issued against Commonwealth Bank, a Michigan banking corporation. On August 28, 1941, this

writ of garnishment was returned, served, and filed.

On September 13, 1941, the said garnishee filed a disclosure setting forth that at the time of service of the writ, it was indebted upon an account in the name of Peter F. Carlucci in the amount of $44.43.

On September 16, 1941, plaintiff filed and served upon counsel for said garnishee defendant a motion for judgment against the garnishee, based upon the September 13th disclosure.

On September 22, 1941, the date set for hearing on said motion, no one appeared on behalf of the garnishee, but the principal defendant's counsel, Joseph A. Cassese, appeared, and on behalf of the principal defendant, objected to the entry of judgment against the garnishee for the amount of the garnisheed fund belonging to the principal defendant stating that prior to the issuance of the writ of garnishment a levy had been made under said March 19th writ of fieri facias, and that this levy constituted a prima facie satisfaction of the judgment, which vitiated any garnishment proceedings on the same judgment.

The parties elaborated upon the facts in briefs subsequently filed herein, and it appears that the Marshal, by virtue of said March 19th writ of fieri facias, levied upon a piece of real estate. This property had been conveyed to a third person by Peter F. Carlucci, on February 21, 1941, eleven days after judgment was entered against him herein.

■ Although Rule 64 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides only for garnishment "for the purpose of securing satisfaction of the judgment *ultimately to be entered,*" it is the sanctioned practice of this District to issue garnishment after judgment as "proceedings supplementary to and in aid of a judgment" under Rule 69(a), "in accordance with the practice and procedure" of the State of Michigan. See also 28 U.S.C.A. § 726.

■ Under the provisions of the last cited rule, we must also view the procedure on the execution herein, and the effect thereof, in accordance with existing Michigan law.

The cases cited by defendant as authority for his contention are Farmers' & Mechanics' Bank v. Kingsley, 2 Doug., Mich., 379, and Henry v. Gregory 29 Mich. 68. Both hold that a levy upon *personal property* is prima facie a satisfaction of the judgment.

■ Conceding for purposes of argument that the levy upon real estate standing in the name of defendant's grantee constitutes a subsisting levy upon real property belonging to defendant, plaintiff contends that in Michigan, under the holding in the cases of Spafford v. Beach, 2 Doug., Mich., 150, and Ackerman v. Pfent, 145 Mich. 710, 108 N.W. 1084, a levy on real estate of a debtor is not, as is a levy on personal property, a prima facie satisfaction of the judgment. In this contention plaintiff is correct.

Sec. 14857 et seq., of the Compiled Laws of Michigan for 1929, provide for garnishment proceedings "in all cases where there remains any sum unpaid upon any judgment." On this record, a sum in excess of the garnisheed fund remains unpaid upon the principal judgment.

■ Judgment shall be entered herein in favor of plaintiff and against, Commonwealth Bank, as garnishee of defendant Peter F. Carlucci, for $34.43, which judgment shall also allow $10 to said garnishee as reasonable counsel fee for the preparation and filing of the disclosure herein, in accordance with Section 14895 of said Compiled Laws.