JUNEAU SPRUCE CORPORATION,
a corporation, Plaintiff,

v.

INTERNATIONAL LONGSHOREMEN'S
AND WAREHOUSEMEN'S UNION, an
unincorporated association, and International
Longshoremen's and Warehousemen's Union, Local 16, an unincorporated association, Defendants,
and
Central Pacific Bank, American Security
Bank, and Bank of Hawaii, corporations,
and International Longshoremen's and
Warehousemen's Union, Local 142 and
International Longshoremen's and
Warehousemen's Union, Local 155, unincorporated associations, and ILWU
Memorial Association, a non-profit corporation, and Toyomasa Oshiro, Myer
C. Symonds, and Harriet Bouslog, Garnishees.

Civ. No. 1409.

United States District Court
D. Hawaii.

May 19, 1955.

Howard K. Hoddick, Henshaw, Conroy & Hamilton, Howard K. Hoddick and Frank DeWitt Gibson, Jr., Honolulu, Hawaii, for plaintiff (judgment creditor).

Bouslog & Symonds, Myer C. Symonds, Honolulu, Hawaii, George R. Andersen, San Francisco, Cal., for defendants (judgment debtors) and garnishees I. L.W.U. Locals 142 and 155, ILWU Memorial Association, Toyomasa Oshiro, Myer C. Symonds and Harriet Bouslog.

McLAUGHLIN, Chief Judge.

The plaintiff received a judgment against the International Longshoremen's & Warehousemen's Union and International Longshoremen's & Warehousemen's Union, Local 16, in a United States District Court for Alaska. The judgment was registered in this Court pursuant to 62 Stat. 958 (1948) as amended, 68 Stat. 772 (1954), 28 U.S.C. § 1963. Juneau Spruce Corp. v. International Longshoremen's W. U., D.C. Haw., 1955, 128 F.Supp. 697. In this action plaintiff seeks to garnish funds to satisfy the judgment in accordance with Rule 69(a) of the Federal Rules of Civil Procedure, 28 U.S.C. following § 2072.[1] As it is the practice of this Court to issue garnishment after judgment as a proceeding supplementary to and in aid of judgment, Rule 69(a) was

---

1. *Rule 69. Execution*
   "(a) *In General.* Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on ex-

ecution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be. in accordance with the practice and procedure of the state in which the dis-

used rather than Rule 64. This usage is in accordance with the law of the Territory of Hawaii. Schram v. Carlucci, D.C. E.D.Mich., 1941, 41 F.Supp. 36; 3 Barron and Holtzoff, Federal Practice and Procedure, Rules Ed. (1950), § 1482, p. 333; 14 Cyc. of Fed.Procedure (3 Ed. 1952), § 71.36, p. 696; 3 Moore's Fed. Prac. (1938 Ed.), § 69.02, p. 3368, 1954 Supp. Sec. 69.02, p. 54.[2]

On March 1, 1955, this Court issued a garnishee summons different in form from that used by the courts of the Territory of Hawaii.[3] Whenever in the past this Court had occasion to employ the Territorial garnishment law to aid the satisfaction of a federal judgment, the territorial form of garnishee summons was used. In practice, the objective of both the law and the summons had been recognized and honored. Not until this proceeding has the effectiveness of the territorial form of garnishee summons been put in doubt. The acts and legal arguments of a garnishee in the case before us indicated that the Territorial summons was imperfectly adjusted to the substantive territorial law. This Court, therefore, designed its own form of garnishee summons to unambiguously and completely invoke the territorial law. It is this writ of garnishment whose validity is questioned by

the motion to quash. Unlike the old, the new writ orders the garnishees to hold and secure all debts owed to the judgment debtor. The new garnishee summons obviates the type of problem alluded to in Berry v. Midtown Service Corp., 2 Cir., 1939, 104 F.2d 107, 122 A. L.R. 1341.

Some of the garnishees served with this new form move to quash the writ of garnishment upon the ground that a federal court cannot issue a garnishee summons different in form from that used by the local courts of record.

4 Moore's Federal Practice—Forms (1942 Ed.), § 69.01, p. 623, states:

> "The writ should follow the form used in the state in which the court is sitting, with appropriate changes."[4]

Other federal form books state essentially the same thing. This is the usual policy followed by federal district courts. However, when a United States district court feels it necessary to issue a garnishee summons different in form from that used in the state or territorial courts because of certain deficiencies in the form of the local writ of garnishment, it may do so because of the reasons stated in this opinion.

trict court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable. In aid of the judgment or execution, the judgment creditor or his successor in interest when that interest appears of record, may examine any person, including the judgment debtor, in the manner provided in these rules for taking depositions or in the manner provided by the practice of the state in which the district court is held."

2. No parties in this case have questioned the use of Rule 69(a). However, it should be noted that a minor conflict exists between courts as to whether Rule 64 or 69(a) should be used in this type of situation. Compare the above citations with Burak v. Scott, D.C.D.C.1939, 29 F.Supp. 775; United States v. Schuermann, D.C.E.D.Mo.1952, 106 F.Supp. 86; 2 Cyc. Fed. Procedure—Forms (1952 Ed.), § 83.02, p. 563.

3. The principal changes read:
"You, As Such Garnishee, Are Hereby Ordered to hold and secure, until further order of this court all such goods, effects, debts, salary, stipend, wages, commissions, annuity, or net income or portion of net income under a trust, as provided by Chapter 212, Revised Laws of Hawaii, 1945: * * *
"You Are Further Hereby Notified that failure to hold and secure until further order of this court all such goods, effects, debts, salary, stipend, wages, commissions, annuity, or net income or portion of net income under a trust as ordered above shall be under pain and penalty of being adjudged in contempt of court."

4. "Appropriate changes" refers to caption, signature, seal, etc. See Middleton Paper Co. v. Rock River Paper Co., C.C.W.D.Wis.1884, 19 F. 252; 62 Stat. 945 (1948), 28 U.S.C. § 1691.

■■ Under the conformity provisions of Rule 69(a) this Court is rigidly governed by the substantive and procedural requirements of the law of Hawaii relating to garnishment. Keesing v. Wishnefsky, D.C.S.D.N.Y., 1943, 52 F. Supp. 625; Schram v. Carlucci, supra.[5] We are thus referred to Ch. 212, § 10301 et seq., Rev.Laws of Hawaii, 1945, to determine the rights of the judgment creditor.[6] This does not preclude the application of the Federal Rules of Civil Procedure while employing Hawaii garnishment law. Robert W. Irwin Co. v. Sterling, D.C.W.D.Mich., 1953, 14 F.R.D. 250.

Regardless of what may have been the prior law, under Rev.Stat. 914 (1875)[7], the Federal Rules of Civil Procedure have adopted a flexible policy as to forms used in United States district courts.

■ Rule 84[8] provides for forms that can be used in a federal court which may differ from those used in state or territorial courts. The limited number actually printed were intended only for illustration. See Appendix of Forms, Introductory Statement, p. 517, 28 U.S. C.A. The forms were drawn up to serve as guides in pleading. See Notes of Advisory Committee on Rules, 28 U.S. C.A., Rule 84, p. 509. Rule 69(a) restricts Rule 84 in that any summons issued relating to garnishment after judgment must follow the procedural requirements of the law of Hawaii.

■ However, we must distinguish between form and procedure. Procedure is:

"* * * the judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them."

Sibbach v. Wilson & Co., 1941, 312 U.S. 1, 14, 61 S.Ct. 422, 426, 85 L.Ed. 479. Form is the methodology used to express rules of practice and procedure. The Princess Sophia (Petition of Canadian Pac. Ry. Co.), D.C.W.D.Wash., 1929, 36 F.2d 591, affirmed 9 Cir., 1932, 61 F.2d 339, certiorari denied, Brace v. Canadian Pac. Ry. Co., 1933, 288 U.S. 604, 53 S.Ct. 396, 77 L.Ed. 980. Rule 84 permits this Court to issue its own form of writ of garnishment. We therefore hold the issuance of the form of the garnishee summons here attacked is a valid exercise of the Court's power under Rule 69(a) to invoke effectively the territorial garnishment statute.

■ Garnishees further object that the writ of garnishment issued on March 1, 1955, contains provisions contrary to the law of Hawaii. The first new feature complained of instructed the garnishees to hold and secure any debts owed to the judgment debtor. Garnishees contend that the only rights of a judgment creditor are conferred by § 10301, subd. 2 of the Revised Laws of Hawaii in that:

"* * * the creditor may, after judgment rendered in his favor, request the court to summon any gar-

5. Whether every possible technical requirement of state or territorial law must be followed, compare Bank of America National Trust & Sav. Ass'n v. Bair, D.C. Mont., 1939, 34 F.Supp. 857, affirmed 9 Cir., 1940, 112 F.2d 247, certiorari denied, 1940, 311 U.S. 684, 61 S.Ct. 61, 85 L.Ed. 441, with Schram v. Carlucci, supra, and Arenas v. Sternecker, D.C. Kan.1953, 109 F.Supp. 1.

6. Rule 69(a) continued the conformity provisions of Rev.Stat.916 (1875), which formerly had governed garnishment after judgment when authorized by state law. Canal & Claiborne Street R. Co. v. Hart, 1885, 114 U.S. 654, 5 S.Ct. 1127, 29 L.Ed. 226.

7. "Sec. 914. The practice, pleadings, and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the circuit and district courts, shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of record of the State within which such circuit or district courts are held, any rule of court to the contrary notwithstanding."

8. "The forms contained in the Appendix of Forms are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate."

nishee to appear personally, upon a day appointed in the summons for hearing the cause as against such garnishee, and make full disclosure."

On the other hand, the only liabilities of the garnishee are said to be stated in §§ 10302 and 10308. Section 10302 provides that:

"* * * If judgment be rendered in favor of the plaintiff, and likewise in all cases in which the garnishee is summoned after judgment, the garnishee fund, or such part thereof as may be sufficient for that purpose, shall be liable to pay the same. The plaintiff on praying out execution shall be entitled to have included in such execution an order directing the officer serving the same to make demand of the garnishee for the goods and effects of the defendant secured in his hands, whose duty it will be to expose the same to be taken on execution, and also to make demand of the garnishee for the debt or wages secured in his hands, or such part thereof as may satisfy the judgment, and it shall be the duty of the garnishee to pay the same, and if the garnishee shall have in any manner disposed of such goods and effects or shall not expose and subject the same to be taken on execution, or if the garnishee shall not pay to the officer, when demanded, such debt or wages, the garnishee shall be liable to satisfy such judgment out of his own estate, as his own proper debt, if such goods or effects or debt or wages be of sufficient value or amount and, if not, then to the value of the same; * * *."

The language of § 10308 is:

"* * * If the garnishee fails to appear upon the day and hour of hearing named in the summons or writ above mentioned, or if having appeared, he refuses to disclose upon oath whether he has goods or effects of the defendant in his hands, and their nature and value, or whether a debt is due from him to the debtor and its amount, the case shall proceed to trial, and if the plaintiff recovers a judgment, execution shall issue at his request, against the estate of such contumacious garnishee for the amount of judgment as his own proper debt, and the lawful costs; * * *."

Garnishees overlook other portions of Hawaii's garnishment law. Section 10301, subd. 2 provides:

"* * * any and every element of any garnishee fund in the hands of such garnishee shall be there secured to pay the judgment already recovered and may not otherwise be disposed of by the garnishee."

Section 10301, subd. 4 states:

"* * * at any time, after service of summons, the court, upon the consent of the plaintiff or upon motion of the defendant or of the garnishee and notice to the plaintiff, may determine whether the garnishee fund is excessive in amount in comparison with the amount of the judgment that the plaintiff might obtain in the action, and, if so, what part thereof is a reasonable amount to be so secured, and may thereupon release the remainder thereof from being so secured."

If we accept garnishees' contentions, §§ 10301, subd. 2 and 10301, subd. 4 would have to be dismissed as superfluous. Sounder reason would be to integrate all these various sections and construe them in the light of the obvious objective of the statute.

None of the above quoted provisions are inconsistent. Section 10301, subd. 2 provides for disclosure by the garnishee and for his holding and securing the garnishee fund. Section 10301, subd. 4 provides for the release of the excess of the garnishee fund over the amount of the judgment. Section 10302 gives to the judgment creditor a civil remedy if the judgment debtor disobeys § 10301, subd. 2 as to holding and securing the garnishee fund. Section 10308 gives a

similar civil remedy if the garnishee fails to appear or disclose pursuant to § 10301, subd. 2.

The garnishees' main difficulty is refusing to integrate the civil remedy provided in § 10302 and § 10308 with the order to hold and secure in § 10301, subd. 2.

Actually the statutory penalty arises only because the law creates a duty to hold and secure. The civil remedy is grounded upon the breach. Without the breach no civil remedy arises. All the new writ of garnishment does is to spell out the law concerning holding and securing which the old form had left to implication.

Ordering a garnishee to withhold payment of a debt or retain control of property is neither new nor novel. It is the traditional basis of garnishment. Wade on Attachment and Garnishment, Vol. II (1866), § 357, p. 61; 38 C.J.S., Garnishment, § 172, p. 389; 5 Am.Jur., Attachment and Garnishment, § 662, p. 15. In order to be effective, garnishment requires the garnishee to hold the garnishee fund and to submit to the future order of the court respecting it. The financial responsibility of a specific garnishee is irrelevant, for not only is the law applied uniformly but solvency is not a necessarily continuing condition.

Garnishees claim the order to hold and secure a debt or property in trust is ambiguous in that it cannot be ascertained whether a trust fund must be set up by the garnishees to insure payment to the judgment creditor. The order to hold and secure does not require the garnishee to set aside or earmark specific money to be paid to the judgment creditor in the event it be determined that the garnishee is indebted to the judgment debtor. The garnishees must distinguish between the holding of a debt in trust and the creation of a trust fund to pay the debt. Only the former is the duty of a garnishee.

Garnishees also object to the provision in the writ of garnishment relating to contempt in that those who do not obey the order to hold and secure are notified that they may be guilty of contempt of court. Garnishees contend that one cannot be adjudged guilty of contempt for violating a garnishee summons. Garnishees' position is that the only remedy for a violation of a writ of garnishment is civil in nature, as provided for in § 10302, Rev.Laws of Hawaii, 1945.

The garnishees fail to differentiate between a civil and a criminal remedy. Section 10302 may well obviate the need for a civil contempt citation, yet it may be but one of several remedies available to a party injured by the conduct of a "contumacious garnishee." However, it in no way impairs the criminal contempt powers of a court. These remedies are decidedly different in nature and purpose. Civil contempt is designed to provide relief to an aggrieved private party. Criminal contempt is designed to protect the public interest in the effective functioning of the judicial system. Gompers v. Bucks Stove & Range Co., 1911, 221 U.S. 418, 31 S.Ct. 492, 55 L.Ed. 797.

Contempt is an ancillary power of self-protection necessary to the effective functioning of a court. It is an incident to the constitutional power of the judiciary.[9] It is an intensely practical instrument sparingly used to administer justice. Nye v. United States, 1941, 313 U.S. 33, 61 S.Ct. 810, 85 L.Ed. 1172; In re Michael, 1945, 326 U.S. 224, 66 S.Ct. 78, 90 L.Ed. 30; Frankfurter and Landis, Power to Regulate Contempts, 37 Har.L.Rev. 1010 (1924); Comment, Civil and Criminal Contempt, 57 Yale L.J. 83 (1947).

The contempt power of this Court to punish offenders of a garnishee summons issued by this Court is neither related to nor dependent upon a like power in the territorial courts. The writ of garnishment issues from this Court, and any measures taken to enforce such a writ by criminal contempt are governed by 62 Stat. 701 (1948) derived from 4

9. This Court is a court of the United States by virtue of 28 U.S.C. § 451.

Stat. 487 (1831), 18 U.S.C. § 401,[10] not by any territorial statute. It should be noted parenthetically that the contempt power of a territorial court to enforce obedience to a writ of garnishment appears to be no less than ours, as provided by § 11140 Rev.Laws of Haw., 1945.[11] Both contempt statutes mentioned above are a reflection of the right of a legislative body to regulate the contempt power of the judiciary. At the same time these statutes recognize the constitutional limitations placed on such regulation. In re Bevins, 1920, 25 Haw. 544, 547; Frankfurter and Landis, supra, p. 1053.

Garnishment is a statutory remedy generally considered ancillary to the principal action. 4 Am.Jur., Attachment and Garnishment, § 6, p. 555; 14 Cyc. Fed. Procedure, Attachment and Garnishment, § 71.35, p. 695; 38 C.J.S., Garnishment, § 2 a(4), p. 206. In some states it is considered a distinct suit independent of the main action. Joski v. Short, D.C.W.D.Wash., 1939, 28 F. Supp. 821. Hawaii follows the general rule that garnishment is ancillary to the main action. See Davies & Co. v. Hilo Pineapple Co., 1923, 27 Haw. 651, 654.

Whether a violation of a writ of garnishment constitutes contempt depends upon the nature of a garnishee summons. The garnishee summons issued by this Court is more than mere notice. In accordance with the law of Hawaii it serves two purposes. It notifies the garnishee of the attachment of the creditor's assets in his hands and at the same time requires him to hold them and answer relevant interrogatories. See Wade on Attachment and Garnishment, supra, § 357, p. 61.

Authority is overwhelming that a writ of garnishment is a process of court. Voss Truck Lines v. Citizens-Farmers Nat. Bank, 1940, 187 Okl. 289, 102 P.2d 173; Boyd v. Chesapeake & Ohio Canal Co., 1861, 17 Md. 195, 210; Hinkley v. St. Anthony Falls Water Power Co., 9 Minn. 55, Gil 44; Hannibal & St. Joseph R. Co., v. Crane, 1882, 102 Ill. 249, 256; German-American Ins. Co. v. Chippewa Circuit Judge, 1895, 105 Mich. 566, 63 N.W. 531; Middleton Paper Co. v. Rock River Paper Co., C.C.W. D.Wis., 1884, 19 F. 252; see Federal Housing Administration, Region No. 4 v. Burr, 1940, 309 U.S. 242, 245-246, 60 S.Ct. 488, 84 L.Ed. 724; Phillips v. Hiatt, D.C.Del., 1949, 83 F.Supp. 935, 938; 14 Cyc.Fed. Procedure, supra, § 71.13, p. 678; 72 C.J.S., Process, § 1b, p. 984; Wade, supra, § 357, p. 60.[12] Hawaii follows this authority. See Payne v. Furtado, 1915, 22 Haw. 723, 725; Kerr & Co. v. Greenbaum, 1914, 22 Haw. 321, 326; Frag v. Adams, 1886, 5 Haw. 664, 665. Section 10301, Revised Laws of Hawaii, 1945, specifically uses the word *process*.[13] The fact that the clerk of the court signs

---

10. "A court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as

       *    *    *    *    *

"(3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command."

11. "Whoever, after trial by jury, is adjudged guilty of contempt of any court, * * * [because of] * * * wilful disobedience or neglect of any lawful process or order * * * shall be punished * * *."

This power has been used by the territorial courts to punish an offender of the garnishment law of Hawaii. See Ingman v. Shumway, 1951, Law No. 21233, In the Circuit Court of the First Judicial Circuit, Territory of Hawaii, an unreported case.

12. Wile v. Cohn, C.C.S.D.Iowa, 1894, 63 F. 759, held a notice of garnishment was not a process of court. 14 Cyc.Fed. Procedure, supra, § 71.41, p. 701, seems to distinguish this case as concerning mere notice of the garnishment proceeding. Also see 72 C.J.S., Process, § 1, p. 983. This would be different from the garnishee summons issued under the seal of this Court and signed by the Clerk. If Wile v. Cohn, supra, cannot be distinguished from the case at bar, we must disagree with it. Bush v. Mathes, 1932, 347 Ill. 371, 179 N.E. 866, is distinguishable as a case concerning prior details of a garnishee process.

13. "1. * * * may request the court to insert in the process a direction to the officer serving the same * * *."

the writ of garnishment makes it no less a judicial process. In re Simon, 2 Cir., 1924, 297 F. 942.

The disobedience of a court process is specifically declared punishable for contempt by 18 U.S.C. § 401. The power to punish a contumacious garnishee flows therefrom, while the authority to redress a private injury caused by such a garnishee may be derived either from it or the remedial provisions of the Hawaiian garnishment law.

■ The violation of a writ of attachment is contempt of court. Raymor Ballroom Co. v. Buck, 1 Cir., 1940, 110 F.2d 207; Lineker v. Dillon, D.C.N.D. Cal., 1921, 275 F. 460; The P. I. Nevius, D.C.S.D.N.Y., 1892, 48 F. 927; In re Sowles, C.C.D.Vt., 1890, 41 F. 752. These cases are applicable to the situation before us. Attachment is analogous to garnishment. Instead of a writ of attachment being violated, a writ of garnishment is involved. Although attachment and garnishment differ from each other in some respects they are governed by the same principles. Waples on Attachment and Garnishment, 2nd Ed. 1895, § 3, pp. 1 and 2. As stated in Federal Housing Administration, Region No. 4 v. Burr, supra, 309 U.S. at pages 245 and 246, 60 S.Ct. at page 491, "garnishment and attachment commonly are part and parcel of the process, provided by statute, for the collection of debts." Being twins there is no less reason for contempt in one area than the other. A violation of a writ of garnishment comes within the scope of the contempt powers of a court. Cf. Russell v. Fred G. Pohl Co., 1951, 7 N.J. 32, 80 A.2d 191. It is permissible in the summons to make a warning reference to these contempt powers.

■ We therefore hold the garnishee summons here attacked contains a proper reference of the usable contempt powers of the Court to punish intentional disregard of the terms of the garnishee summons.