72  513
95  388

[No. 9642.   Department Two. — June 13, 1887.]

## A. F. COLLINS, RESPONDENT, v. H. B. ANGELL ET AL.  H. B. ANGELL, APPELLANT.

SUPPLEMENTARY PROCEEDINGS — RETURN OF EXECUTION UNSATISFIED —
ORDER FOR EXAMINATION — AFFIDAVIT FOR — FILING OF — APPEAR-
ANCE OF JUDGMENT DEBTOR. — Where an execution has been returned.
unsatisfied, an order directing the judgment debtor to appear before a.
referee to answer concerning his property is not void because the affidavit,
of the judgment creditor on which it was issued was not filed until the·
filing of the report of the referee, if the judgment debtor, after being:
served with the affidavit and order, appears before the referee, and sub-
mits to the examination without objection.

ID. — AFFIDAVIT WHEN UNNECESSARY FOR ORDER OF EXAMINATION. — In.
supplementary proceedings under section 714 of the Code of Civil Pro-.
cedure, after an execution has been returned unsatisfied, the judgment.
creditor is entitled to an order directing the judgment debtor to ap--
pear and answer concerning his property, without making any affidavit;
therefor.

ID. — ORDER FOR ASSIGNMENT OF PROPERTY BY DEBTOR — EVIDENCE. — In.
such proceedings, an order directing the judgment debtor to assign all
his right, title, and interest in certain letters patent of the United States.
cannot be assailed on the ground that it does not appear that he has any·
property therein, when the evidence on that point is conflicting.

ID. — PROCEEDINGS NOT A NEW ACTION — ASSIGNMENT OF JUDGMENT. —·
Supplementary proceedings, whether had before or after the return of·
the execution unsatisfied, are not in the nature of a new action, and an.
order rendered therein in favor of the judgment creditor, directing the.
judgment debtor to assign certain property in satisfaction of the judg--
ment, will not be reversed, although the judgment creditor states in his.
affidavit for the order of examination that he had assigned the judgment,.
and only has a contingent interest therein.

ID. — INTERPLEADER BY JUDGMENT DEBTOR. — In such proceedings, the·
judgment debtor is not entitled, under section 386 of the Code·of Civil
Procedure, to apply for leave to interplead the judgment creditor with
other persons, to compel them to litigate their respective claims to.the
property ordered to be assigned.

APPEAL from an order of the Superior Court of the
city and county of San Francisco directing the assign-
ment of certain property in proceedings supplementary
to execution.

The facts are stated in the opinion of the court.

*Gray & Haven,* for Appellants.

*S. W. Holladay,* and *E. B. Holladay,* for Respondent.

McFARLAND, J.—Plaintiff having recovered judgment against defendants for $2,742, with interest and costs, and an execution issued thereon having been returned wholly unsatisfied, he procured an order from the judge of the court in which the judgment was rendered, requiring defendants to appear before the court commissioner, as referee, at a certain time and place, to answer concerning their property. Defendant H. B. Angell appeared before the referee, who took the evidence offered, and reported the same to the judge. Thereupon the court made an order that said defendant execute and deliver to A. B. Forbes, a receiver appointed for that purpose, assignments of his right, title, and interest in and to certain letters patent, issued to him by the United States, to be thereafter sold in such manner as should be directed, for the satisfaction of respondent's said judgment. From this order the defendant Angell appeals.

Appellant's first contention is, that the order requiring him to appear before the referee was void,—and therefore all subsequent proceedings invalid,—because the affidavit made by the respondent at the time said order was made was not filed by the clerk until the filing of the report of the referee. This contention goes upon the assumption that there is a radical distinction between the provisions of section 714 and those of section 715 of the Code of Civil Procedure. But admitting this to be so, the point is too inconsiderable to bear the weight it is expected to carry. It would have been more regular, of course, to have filed the affidavit before its presentation to the judge. And no doubt it would have been filed immediately at any time, or a new proceeding would have been commenced, upon suggestion or objection by appellant. But after service of the affidavit and

order upon appellant, he appeared before the referee and went through with the examination without any objection whatever. Thereupon the report of the referee, together with the affidavit, were filed; and the order appealed from was made after such filing. Under these circumstances, the point that the whole proceeding is void for want of jurisdiction is untenable. *Bryant* v. *Bank of California*, 6 West Coast Rep. 540, cited by appellant, decides no more than that when papers are offered to prove a judicial record, it must appear that they came from the files of the court and the custody of the clerk.

But as the execution in this case had been *returned* unsatisfied, respondent was entitled to the order without any affidavit,—as provided in section 714 of the Code of Civil Procedure. The main distinction between that section and section 715 seems to be that, under the latter, supplementary proceedings *may be* commenced before the return of the execution, provided it has been issued, and that in such case an affidavit is necessary, showing that the judgment debtor has property which he refuses to apply to the satisfaction of the judgment. In other respects the proceedings under these two sections, and those which follow on the same subject, seem to be the same. The fact appearing in the affidavit—if the latter is to be considered at all—that respondent, upon information and belief, had some knowledge of certain specific property of appellant, is immaterial.

Appellant also makes the point that it does not appear from the evidence that he had any property in the letters patent. But there was evidence to that effect; and the conclusion to which the court came upon the question is not assailable upon the ground that there was no evidence to support it. Moreover, appellant was only ordered to assign all his " right, title, and interest " in the patents.

Appellant, assuming that this proceeding is equivalent

to a new suit, and that the affidavit should be regarded as a creditor's bill, contends that the order should be reversed because respondent states in the affidavit that he has assigned the judgment, but still claims a contingent interest in the same. This view, however, would not be correct even if the order had been made under section 715, and necessarily based in part upon an affidavit. It would still have been a proceeding in the original case, auxiliary and supplementary thereto, and not a new action. But, as before stated, the order was based on the record facts of the judgment and the returned execution. The affidavit merely informed the judge of those facts which an inspection of the record would have disclosed. The affidavit on the trial of an issue involving the extent of respondent's interest in the judgment might, like any other declaration, be admissible as an item of evidence, but in other respects it has no virtue.

Appellant also appeals from another order—or rather from another part of the same order—"refusing to grant the motion of said H. B. Angell for leave to commence an action to interplead plaintiff and Elizabeth A. Risdon, with certain other parties, to compel them to litigate their several claims to said patents." This motion was based on section 386, Code of Civil Procedure. But as that section refers to cases where "an action is pending," it is doubtful if it applies at all to a "proceeding" like this. Assuming, however, that it might apply here, the section provides for an application to "substitute" some other person as defendant in place of the moving party,—not "for leave to commence an action to interplead" other parties. And then the defendant must be in the position of a stake-holder, having no interest in the litigation,—which is not the position of appellant here. Lastly, the appellant could have commenced his proposed action without any "leave."

No questions as to the requirements of a legal assign-

ment of patent rights, or as to what title purchasers from the receiver would get, arise in this case.

The orders appealed from are affirmed.

THORNTON, J., and SHARPSTEIN, J., concurred.