**BANK OF AMERICA NAT. TRUST & SAV-
INGS ASS'N v. BAIR.**

No. 1659.

District Court, D. Montana.

Oct. 3, 1939.

E. G. Toomey and John W. Chapman, both of Helena, Mont., and Wm. V. Beers, of Billings, Mont., for plaintiff.

Wood & Cooke and Horace S. Davis, all of Billings, Mont., for defendant.

PRAY, District Judge.

The questions for determination here arise over two motions interposed by the judgment debtor and others therein named, seeking an order to vacate and set aside the order of Court for supplementary proceedings and appointing a referee; to vacate and set aside the service of subpoenas upon certain persons therein named and to quash the same, and to stay all proceedings had and to be undertaken pursuant to the order of Court aforesaid.

The supplementary proceedings were instituted under Rule 69(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which provides: "*In General.* Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable. In aid of the judgment or execution, the judgment creditor or his successor in interest when that interest appears of record, may examine any person, including the judgment debtor, in the manner provided in these rules for taking depositions or in the manner provided by the practice of the state in which the district court is held."

It plainly appears that the procedure here shall be in accordance with the practice and procedure of the State in which the district court is held, existing at the time the remedy is sought, except that a federal statute will govern to the extent that it is applicable. The judgment creditor may examine any person, including the judgment debtor, in the manner provided in these rules for taking depositions, or in the manner provided by the practice of the state in which the district court is held. The plaintiff has elected to proceed in accordance with the practice and procedure of the state, and the first remedy therein provided. The plaintiff cites authorities to show that strict conformity to state procedure may be impracticable, unduly restrict the jurisdiction of federal courts or obstruct the due administration of justice. As, for instance, the contention that the referee must be a resident of the same county in which the action is triable, to-wit, Meagher County. This action was triable at Helena in the Helena division of this court, which is situated in Lewis and Clark County, under federal rules; cases arising within the jurisdiction of this court in Meagher County are triable at Helena, consequently there could be no merit in the contention that a referee must be appointed from Meagher County.

Much has been said respecting an issue, before witnesses can be examined; the issue is already made and clearly enough is to determine whether the judgment debtor owns property subject to ex-

ecution under plaintiff's judgment, and supplementary proceedings are to be conducted to determine that issue.

If we were to follow blindly the technical details outlined in the ingenious argument of counsel for defendant, doubtless plaintiff would prefer to quit at the beginning. In adopting the state practice it was never intended that the defendant could require the judgment creditor to follow every possible technical requirement that might be found in the state statute and decisions bearing on the subject where wholly different and distinct remedies are provided. It seems to the court under the facts presented here that the judgment creditor has selected remedies provided by the state statute in sections 9454 and 9458 that are ample and sufficient for the purposes intended.

It appears from the affidavit of E. G. Toomey and from the record in the case, upon which the court order was issued, that an execution was issued and returned unsatisfied, all of which suggests a recourse to the remedy provided in section 9454.

As to the objection that the order for supplementary proceedings was made ex parte and without notice to the judgment debtor, it was held in Collins v. Angell, 72 Cal. 513, 14 P. 135, under a statute identical with sec. 9454, where a writ of execution had been returned unsatisfied, that such proceedings could be instituted without filing an affidavit of facts, and although such affidavit was made but was not filed until the time of filing the referee's report, it had no effect upon the validity of the proceedings. Other authorities have been cited by counsel to the same effect. If this is a correct statement of the law applicable in this instance, then it would appear that notice was unnecessary. The rule in 23 C.J. 845, Sec. 964, is also cited as showing that notice need not be given of an application for an order for examination of judgment debtor or for that of third persons. The judgment debtor relies upon sec. 9457, R.C.M.1935, and contends that the affidavit of E. G. Toomey is insufficient for the examination of witnesses, including third persons. Plaintiff points out that this section clearly provides for the third remedy and for the examination of a third person who has in his control property of the judgment debtor or who is indebted to him; and that this proceeding is brought under the provisions of sec.

9454, which is the first remedy specified, and is not an attempt by the judgment creditor to bring before the court third persons, who have property of the judgment debtor; that the examination of these witnesses, other than the defendant, is sought under the provisions of section 9458, R.C.M.1935, which provides: "Witnesses may be required to appear and testify before the judge or referee, upon any proceeding under this chapter, in the same manner as upon the trial of an issue."

In the opinion of the court the referee is qualified to serve and his appointment was necessary and both parties have the right to subpoena witnesses for examination before him in respect to all pertinent matters in dispute concerning debtor's ownership of property that may be subject to execution. There does not seem to be any merit in the contention that the time and place of hearing was omitted from the order, that being a matter subject to the discretion of the referee, and to be exercised by him within a period of twenty days after the making of the order. Rule 53(d) (1), Federal Rules of Civil Procedure.

Being duly advised and good cause appearing therefor, in the Court's opinion the two motions under consideration should be overruled and denied, and it is so ordered.