## BAIR v. BANK OF AMERICA NAT. TRUST & SAVINGS ASS'N.

### No. 9406.

Circuit Court of Appeals, Ninth Circuit.

May 28, 1940.

Rehearing Denied June 29, 1940.

248

Wood & Cooke and Horace S. Davis, all of Billings, Mont., for appellant.

Wm. V. Beers, of Billings, Mont., E. G. Toomey and John W. Chapman, both of Helena, Mont., Louis Ferrari, of San Francisco, Cal., and Edmund Nelson, of Los Angeles, Cal., for appellee.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

In 1938 appellee recovered judgment against appellant in the United States court for Montana in the amount of $100,-057.95. Execution was issued, as a result of which the judgment creditor realized about $5,000.

After a return showing the judgment unsatisfied in an amount in excess of $94,-000, appellee applied for an order requiring appellant to appear and answer concerning his property. In response to the application the court appointed a referee to conduct supplementary proceedings, and ordered that the judgment debtor appear before the referee at a time and place to be designated by the latter and to make true answers under oath concerning his property. The order further empowered the referee to subpoena witnesses, to fix the times and places of such hearing as might be necessary and to conduct the same within any county of the state of Montana. Appellant was enjoined during the pendency of the proceedings from disposing of any of his property not exempt from execution.

About ten days after the entry of this order appellant moved to set it aside. The motion was denied. The appeal is from the order and from the denial of the motion to vacate it.

Chapter 60 of the Montana Code of Civil Procedure, Rev.Codes 1935, contains provisions relating to proceedings supplementary to execution. By § 9454,[1] upon the return of an execution unsatisfied in whole or in part the court is authorized to require the judgment debtor to appear and answer concerning his property before the judge, or a referee appointed by him, "at a time and place specified in the order". No judgment debtor may be required to attend before a judge or referee out of the county in which he re-

---

[1] "When an execution against property of the judgment debtor, or of any one of several debtors in the same judgment, issued to the sheriff of the county where he resides, or if he does not reside in this state, to the sheriff of the county where the judgment-roll is filed, is returned unsatisfied in whole or in part, the judgment creditor, at any time after such return is made, is entitled to an order from a judge of the court, requiring such judgment debtor to appear and answer concerning his property before such judge, or a referee appointed by him, at a time and place specified in the order; but no judgment debtor must be required to attend before a judge or referee out of the county in which he resides."

sides. Under § 9458, contained in the same chapter, "witnesses may be required to appear and testify before the judge or referee, upon any proceeding under this chapter, in the same manner as upon the trial of an issue."

Rule 69 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, deals with proceedings supplementary to execution. Subdivision (a) of the rule provides for the examination of any person, including the judgment debtor, "in the manner provided in these rules for taking depositions or in the manner provided by the practice of the state in which the district court is held." [2]

The record shows that pursuant to the court's direction the referee by order fixed a time and place for the judgment debtor's appearance. The place designated was within the county of the debtor's residence. By the same order the referee fixed times and places for the appearance of other witnesses, members of the debtor's family and his business associates and counsel. In each instance the place fixed was within the county of the residence of the witness. Subpoenas, together with copies of the order of the court and of the referee, were served on all.

Ample authority is found in these statutes and in the rule for the order appealed from, and for the steps taken by the referee thereunder.

■ True, the court itself did not specify the time and place for the appearance of the debtor; but where the matter is referred the time and place are properly left to be fixed by the referee within the bounds of the statute. It would be impracticable to proceed otherwise. While no local decisions bearing immediately upon the subject are cited, we entertain no doubt that, in case of a reference,

there is substantial compliance with the statute where the time and place are fixed by the referee's order in conformity with the law.[3]

■ It is said that the requirements of the Montana statute in relation to the appointment of a referee were not complied with. §§ 9374 and 9375 of the state code provide for a reference upon agreement of the parties, or upon motion where there is no consent. Appellant claims that under these statutes the ordered reference was invalid because made without notice to him, and because he had neither failed to consent to the appointment of a suitable person as referee nor to agree with appellee upon the appointment of some such person.

The pertinent statute, § 9454, does not provide for notice. In the absence of a statutory requirement to that effect, we see no reason to believe that notice to a judgment debtor need be given before ordering his examination or the examination of third persons in proceedings supplementary to execution. 23 C.J. 845. See also Collins v. Angell, 72 Cal. 513, 14 P. 135, construing a statute identical with § 9454.

■ The subject of the appointment of referees is governed by Rule 53 of the Federal Rules of Civil Procedure. Subdivision (b) of that rule states: "A reference to a master shall be the exception and not the rule. In actions to be tried by a jury, a reference shall be made only when the issues are complicated; in actions to be tried without a jury, save in matters of account, a reference shall be made only upon a showing that some exceptional condition requires it."

It is argued that this rule does not apply (1) because appellee has elected to invoke the state remedies and to pursue

[2] Rule 69(a): "Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable. In aid of the judgment or execution, the judgment creditor or his successor in interest when that interest appears of record, may examine any person, including the judgment debtor, in the manner provided in these rules for taking depositions or in the manner provided by the practice of the state in which the district court is held."

[3] Consult Rule 53(d) (1) of the Rules of Civil Procedure for District Courts; Redmond v. Goldsmith, 1879, 2 N.Y. Monthly Law Bulletin 19. The latter case appears to have been decided on a statute of New York substantially identical with the Montana statute.

the state practice rather than the procedure otherwise ordered by the federal rules, (2) because no account is involved, and (3) because there is no showing of any exceptional conditions requiring a reference.

We find no merit in the contention. As has been said, in the federal courts references are governed by the federal rules, not by state law. The existence of exceptional conditions was a matter for the trial court to determine in the exercise of a sound discretion. In the situation here presented, where numerous persons were to be examined at various places in in proceedings supplementary to execution, we think a reference was proper. No claim is made that the referee appointed was not a fit person.

The court retained control of the proceedings. In the steps actually taken by the referee it does not appear that appellant has been in any way prejudiced, or that the local statutes or the rights of appellant have been disregarded. Should the inquiry proceed beyond proper bounds appellant may apply to the trial judge for correction. He has nothing to complain of now.

Affirmed.