**Robert E. NELSON and Dorothy Nelson**

v.

**Clarence MAIDEN et al.**

**Civ. No. 3–74–330.**

United States District Court,
E. D. Tennessee, N. D.

May 30, 1975.

John O. Threadgill, Knoxville, Tenn., for plaintiffs.

Joseph B. Yancey, Knoxville, Tenn., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

Judgment, stemming from a claim of assault and battery, pursuant to a jury verdict awarding plaintiffs $50,000.00 plus interest was entered by the Clerk of the Court in this action on February 19, 1974. Thereafter, a fieri facias was executed against the property of the judgment debtors, but returned unexecuted by the Marshal on April 23, 1975, as he was unable to locate any property belonging to Donnie Maiden. Concurrent with the filing of his writ of execution judgment creditors, Robert Nelson and wife, filed a petition with the Court requesting that a conveyance dated the 18th of February, of certain real property and fixtures from the judgment debtors to include their wives be set aside as being made with the fraudulent intent to deceive the judgment creditors. A similar petition was also filed on April 28 by the judgment creditor requesting the Court to set aside as a fraudulent transfer the conveyance of judgment debtor's automobile to his mother. Essentially, the judgment creditor contends that the liberal spirit of Rule 18(b), F. R.C.P., permits him to petition the Court to set aside the above conveyances at this stage. On May 26, 1975, defendant responded to the judgment creditors' petition, summarily asserting, without authority, that the conveyance of defendants' real property to include their wives one day before the entry of judgment was supported by one dollar consideration, sufficient consideration in Tennessee to defeat a claim of fraudulent transfer. Similarly, the judgment debtor contended that the object of the

second petition, the conveyance of Donnie Maiden's car to his mother, was supported by sufficient consideration. While the judgment debtor's defense goes to the merits, the Court for the reasons set forth below, declines to entertain the petitions filed by Robert Nelson and wife.

### Rule 18(b)

Rule 18(b) provides:

"Whenever a claim is one heretofore cognizable only after another claim has been prosecuted to a conclusion, the two claims may be joined in a single action; but the court shall grant relief in that action only in accordance with relative substantive rights of the parties. In particular, a plaintiff may state a claim for money and a claim to have set aside a conveyance fraudulent as to him, without first having obtained a judgment establishing the claim for money."

■ While it is well settled that the adoption of Rule 18(b) rescinded the common law requirement that a money judgment be obtained before suing to set aside a fraudulent judgment, *Graff v. Nieberg*, 233 F.2d 860 (7th Cir. 1956); *Armour & Co. of Delaware v. B. F. Bailey, Inc.*, 132 F.2d 386 (5th Cir. 1942), it would strain that Rule to conclude that in all cases a claim to set aside a fraudulent conveyance can be joined with a prior legal claim after a judgment has been entered on the legal claim.

Inquiry into the propriety of plaintiffs' petitions does not end with an examination of the joinder rules of 18(b). Rather, more enlightening guidance can be obtained from a viewing of Rule 69(a), F.R.C.P., which provides in pertinent part:

"(a) In General. Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable."[1]

■ While prior to the enactment of Rule 69(a), Judge L. Hand's opinion in *Empire Lighting Fixture Co. v. Practical Lighting Fixtures Co.*, 20 F.2d 295, 297 (2d Cir. 1927), may have served as persuasive authority for the maintenance of a supplementary pleading to set aside a fraudulent conveyance subsequent to the entry of judgment,[2] that decision was clearly preempted by the adoption of Rule 69(b), which instead requires this Court to look to the judgment laws of Tennessee. Thus, in the absence of a controlling federal statute, and the Court is neither aware nor advised of such, the Court has no more nor less authority to aid the judgment creditor in supplementary proceedings than is provided under Tennessee law.[3]

### Tennessee Law

■■ The holder of a judgment in Tennessee may seek enforcement either through execution, 26 Tenn.Code Ann. § 101 et seq., or through garnishment, 26

---

1. *See generally* 7 J. Moore, Federal Practice ¶ 69.00 et seq. (2d ed. 1974).

2. *See also Dewey v. West Fairmont Gas Coal Co.*, 123 U.S. 329, 333, 8 S.Ct. 148, 31 L.Ed. 179; *Hobbs v. Gooding*, 164 F. 91 (Cir.C.–D.Mass.1908). Those cases held that the supplementary bill to set aside a fraudulent conveyance was ancillary to that already acquired and incident to the collection of the judgment itself.

3. Two reported cases in the district courts, in which supplementary proceedings were entertained to set aside fraudulent conveyances, are founded on Maryland law, which contains statutory remedies in aid of execution. *Douglass v. First National Realty Corporation*, 351 F.Supp. 1142 (D.C.D.C. 1972); *H. A. Levanne Company v. Katz*, 156 F.Supp. 636 (D.Md.1957).

Tenn.Code Ann. § 501 *et seq.*[4] However, aside from the supplementary procedure of examination contained in Tennessee Rules of Civil Procedure, Rule 69, Tennessee does not provide by statute supplementary proceedings for the collection of judgments. Thus, the judgment creditor under the Uniform Fraudulent Conveyance Act, 64 Tenn.Code Ann. § 317 may either seek to have the allegedly fraudulent conveyance set aside in an equity proceeding or, alternatively, he may choose to ignore the conveyance and have execution levied on the property.[5] To this end, Chancery Court has exclusive jurisdiction over actions to set aside fraudulent conveyances. 23 Tenn.Code Ann. § 1001 et seq.; *Marlin v. Merrill*, 25 Tenn.App. 328, 156 S.W.2d 814 (1914). Such an action by its nature is original and not ancillary to the judgment creditor's first action. Absent any provision in the Tennessee law for an adjudication of title to property alleged to have been fraudulently conveyed in the form of supplementary relief in aid of execution, this Court must dismiss plaintiffs' petitions.

---

4. For a general description of judgment procedure in Tennessee, see Baugh, *Enforcement of Judgments in Tennessee*, 22 Tenn. L.Rev. 873 (1953); Note, *Enforcing Money Judgments in Tennessee*, 4 Memphis State L.Rev. 65 (1973).

5. The commentator in *Enforcement of Judgments*, supra, 22 Tenn.L.Rev., at 885, notes the traditional reluctance of litigants to pursue the latter course.