**CUMBERLAND VILLAGE HOUSING ASSOCIATES, and United States of America through Dept. of Agriculture & FmHA,**

v.

**INHABITANTS OF the TOWN OF CUMBERLAND, Robert Cram, Mrs. Beverly Johnson, Mr. Richard Moon, Mr. Daniel Bates, Mrs. Daphne Warren, Mr. Robert Humphreys and Mr. Alvin K. Ahlers, serving in their official capacities as members of the Cumberland Town Council.**

**Civ. No. 84–0315 P.**

United States District Court,
D. Maine.

April 3, 1985.

Peter W. Culley, James B. Haines, Jr., Hewes, Culley & Beals, Kevin Gaynor, Asst. U.S. Atty., Portland, Me., for plaintiff.

Kenneth M. Cole, III, Brian C. Shaw, Jensen, Baird, Gardner & Henry, Portland, Me., for defendant.

## MEMORANDUM OF DECISION DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

GENE CARTER, District Judge.

Plaintiff Cumberland Village Housing Associates (Cumberland Village) is a limited partnership which has applied to appropriate agencies of defendant Inhabitants of the Town of Cumberland (the Town) for approval of a 70-unit apartment complex. The Town's Planning Board reviewed the subdivision application and, in accordance with Section 7.15 of the Town's subdivision ordinance, referred to the Town Council the question as to whether the proposed development would "be a burden" on the Town's sewer system. On March 26, 1984, the Town Council, noting the limited capacity of the sewer system, enacted a 90-day moratorium on action by the Planning Board with respect to applications for buildings that proposed to use the sewer system.

On June 25, 1984, the Town Council adopted a formula for allocation of remaining sewer user units and decided to inform the Planning Board that the Cumberland Village Project would impose an "undue burden" on the existing sewer system. After obtaining a clarification of the Town Council's action with respect to Cumberland Village, the Planning Board advised Cumberland Village, on or after July 11, 1984, that it would take no further action on its subdivision application.

Cumberland Village brought this action challenging the Town's rejection of its subdivision application on federal and state law grounds. The Town has moved for

summary judgment with respect to the pendent state law claims, set forth in Counts III, IV, V and VI of the complaint, on the ground that the action is untimely under Me.R.Civ.P. 80B(b).

Me.R.Civ.P. 80B provides a procedure for state superior court review of governmental action. Rule 80B(b) sets forth the time limitation for seeking judicial review:

> (b) Time Limits; Stay. The time within which review may be sought shall be as provided by statute, except that if no time limit is specified by statute, the complaint shall be filed within 30 days after notice of any action or refusal to act of which review is sought unless the court enlarges the time in accordance with Rule 6(b), and, in the event of a failure to act, within six months after expiration of the time in which action should reasonably have occurred. Except as otherwise provided by statute, the filing of the complaint does not stay any action of which review is sought, but the court may order a stay upon such terms as it deems proper.

Neither party asserts that any statutory limitation period applies to Cumberland Village's state law claims. Accordingly, if Rule 80B(b) applies to this action, plaintiffs were required to file their complaint within 30 days of the action of which they complain.

Cumberland Village argues that Rule 80B(b) should not be applied to state claims filed in a federal court. Cumberland Village cites no direct or analogous authority in support of this view.[1] Cumberland Village has offered no compelling reason why the general principles regarding choice of law applicable to pendent claims should not be applied in this case.

■ In the exercise of pendent jurisdiction over state law claims, a federal court is to apply the governing substantive state law. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Moreover, a federal court must apply the appropriate state statute of limitations to the pendent state law claims. *Reid v. Madison*, 455 F.Supp. 1066 (E.D.Va.1978); *Stringer v. Commonwealth of Pennsylvania, Department of Community Affairs, Bureau of Human Resources*, 446 F.Supp. 704 (M.D.Pa.1978).

■ Maine has no specific statute of limitations applicable to the pendent claims in this case. Me.R.Civ.P. 80B(b), however, dictates that any complaint challenging a governmental action which is not governed by a statutory limitation period shall be filed within 30 days of notice of such action. It will not aid analysis of this issue to attempt to characterize this limitation period as "substantive" or "procedural." *See Guaranty Trust Co. v. York*, 326 U.S. 99, 108–09, 65 S.Ct. 1464, 1469–70, 89 L.Ed. 2079 (1945). It is the only existing time provision, state or federal, identified by the parties which could be applied in this case.[2] As long as it offends no federal interest, where the only source of this court's juris-

---

**1.** *Duchek v. Jacobi*, 646 F.2d 415 (9th Cir.1981), the one case cited by Cumberland Village, held that a California state statute providing that proceedings for enforcement of a judgment "may" be brought in the state superior court did not prevent the federal court from exercising jurisdiction over such actions. The court reasoned that Fed.R.Civ.P. 69(a) could not "be read to authorize a direct restriction on the federal district court's jurisdiction to enforce *its* judgments...." *Id.* at 418 (*emphasis added*). *Duchek* involved a party's attempt to utilize a state statute to prevent a federal court from enforcing the judgment of a federal court; thus the proposed construction of the state statute collided with an important federal interest as well as the manifest purpose of Fed.R.Civ.P. 69(a). In this case, no party asserts that application of the

30-day limitation period of Me.R.Civ.P. 80B(b) conflicts with any federal interests. Moreover, the appellant in *Duchek* sought to divest the federal court of jurisdiction. Here, application of Rule 80B(b) would merely set a time limit for commencement of an action; the Town does not assert that this court lacks jurisdiction over timely filed actions.

**2.** The court notes that even where federal jurisdiction is founded upon a federal question, a federal court applies the limitation period of the forum state if there is no applicable federal statutory limitation period. *See, e.g., Small v. Inhabitants of the City of Belfast*, 547 F.Supp. 761, 765 (D.Me.1982).

diction over the state law claims is the fact that they are appended to federal claims, this court should apply the limitations provision that would be applied by Maine state courts.[3] Here, plaintiff has not shown that any federal interest is offended by applying Me.R.Civ.P. 80B(b), and such application will ensure consistency of results in state and federal courts with respect to state law claims.

■ The court now must determine whether this action was timely filed under Me.R.Civ.P. 80B(b). The parties disagree, for purposes of applying Rule 80B(b), as to when Cumberland Village's cause of action accrued and as to when this action was commenced.

The pending action is the second of two filed by Cumberland Village as a result of the Town's action. Cumberland Village filed its first complaint (Docket No. 84–0237–P) on July 27, 1984. In that action Cumberland Village named the Town, the Farmers Home Administration (FmHA), and officials of FmHA as defendants. Cumberland Village filed the pending action (Docket No. 84–0315–P) on September 27, 1984. FmHA joined Cumberland Village as a *plaintiff* in the second action, and the members of the Town Council were named as additional defendants.[4] On November 20, 1984, the first action was dismissed by stipulation, without prejudice.

Cumberland Village argues that the filing of the first complaint tolled the limitations period for purposes of determining the timeliness of the pending action. The Town contends that the filing of the first complaint is irrelevant to determination of the timeliness of the pending action.

This case is distinguishable from instances in which a party belatedly attempts to bring a second action after a timely first action fails. *See, e.g., Moore v. El Paso County, Texas,* 660 F.2d 586 (5th Cir.1981). Here, Cumberland Village filed the second action before it voluntarily dismissed the first action. Cumberland Village agreed to dismiss the first action after it learned that FmHA, a defendant in the first action, had interests similar to those of Cumberland Village and was willing to pursue the matter as a plaintiff. This change presumably could have been accomplished by amendment of the pleadings, but Cumberland Village instead elected to file a separate complaint. Had the change been effected by amendment, there is no question that the action against the Town would have commenced on July 27, 1984.

In respect to the claims made against the Town, the second complaint is not materially different from the first. The pending action is a "new proceeding" only in a formal sense. In substance, Cumberland Village's cause of action against the Town has been pending continually since July 27, 1984. Under these unique circumstances, in which a second, substantially identical (in respect to the claims against the Town) action was filed before the dismissal of the original action, the original action was dismissed by agreement without prejudice, and the defendant is in no sense prejudiced, the filing of the pending action relates back to the date of the filing of the first action

---

3. *See Guaranty Trust Co. v. York,* 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1944). The Supreme Court held in *Guaranty Trust* that a state statute of limitations must be applied by a federal court in a diversity case because it would affect the outcome of the litigation. *Id.* at 109, 65 S.Ct. at 1469. The "outcome-determinative" test of *Guaranty Trust* was modified by the Supreme Court in the subsequent cases of *Byrd v. Blue Ridge Cooperative,* 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958) and *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). In *Byrd,* the Supreme Court held that a federal rule governing the division of functions between judge and jury may be applied to a state-created cause of action because an important federal judicial policy was implicated. In this case, it has not been shown that application of the state limitation period conflicts with any federal interest. In *Hanna,* the Supreme Court held that the Federal Rules of Civil Procedure govern in a diversity action even though they may conflict with state rules. Here, no Federal Rule of Procedure is implicated. In sum, the reasons for departing from the *Guaranty Trust* approach are not present in this case.

4. The claims against the individual defendants were dismissed by agreement on November 29, 1984.

for the purpose of determining timeliness under Me.R.Civ.P. 80B(b).

Still to be resolved is the parties' dispute over the date the cause of action accrued. The Town contends that Cumberland Village's cause of action accrued on June 25, 1984, when the Town Council adopted a sewer allocation scheme that effectively excluded Cumberland Village and voted to advise the Planning Board that Cumberland Village's development would impose an undue burden on the sewer system. Under this view, an action commencing July 27, 1984 would be untimely. Cumberland Village argues that its cause of action accrued on or after July 11, 1984, when the Planning Board chairman decided to take no further action on the proposed development. Under this view, the pending action was timely filed for purposes of Rule 80B(b).

■ The language of Me.R.Civ.P. 80B(b) should be construed broadly. *Sawin v. Town of Winslow*, 253 A.2d 694, 698 (Me. 1969). In *Sawin*, the defendant school committee notified a teacher on April 12, 1967 that he was to receive a salary which the teacher alleged violated an established salary schedule. The teacher did not file his complaint under Rule 80B, however, until September 20, 1967. The Law Court found that the complaint was timely because the effective date of the salary schedule was September 1, 1967. The final action of the school committee, for purposes of Rule 80B, occurred on the effective date of the salary schedule.

■ In this case, Cumberland Village contends that it was not aware of the import of the Town Council's actions of June 25, 1984 until on or after July 11, 1984. At the very least, there exists a genuine issue of fact material to the determination of the date that Cumberland Village received notice of a final action by the Town, and the Town's Motion for Summary Judgment may be denied on this basis. No further factual inquiry is necessary, however, to finally resolve this issue. Even when the facts are postured most favorably to the Town, it is clear that the 30-day limitation period of Rule 80B(b) did not begin to run until July 11, 1984. Assuming that Cumberland Village must have anticipated that the Town Council's actions of June 25, 1984 would cause the Planning Board to deny its subdivision application and that Cumberland Village is directly challenging the Town Council's action and not that of the Planning Board, final action for purposes of Rule 80B(b) did not occur until the Planning Board denied the application. The action of the Town became final when the appropriate board having authority over the matter, the Planning Board, denied the application. The mere fact that the primary conduct alleged to be illegal occurred before the Town took final action does not mean that judicial review can be obtained before the action becomes final. *Cf. Sawin, supra.*

Because the cause of action did not accrue until on or after July 11, 1984 and the commencement of this action relates back to July 27, 1984 for purposes of Rule 80B(b), this action was timely filed.

Accordingly, it is ORDERED that Defendant's Motion For Summary Judgment is hereby DENIED.